NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROLAND G. HARRIS, as beneficiary for the wrongful death in and violation of civil rights of deceased Jacob Michael Harris; JESSICA PEREZ, as beneficiary for the wrongful death in and violation of civil rights of deceased Jacob Michael Harris; RODASIA WHITE, as mother and next friend of A.H. and J.H., | No.    22-16307 |
| | D.C. No. 2:20-cv-00078-DLR |
| Plaintiffs-Appellants, | MEMORANDUM* |
| v. | |
| CITY OF PHOENIX; KRISTOPHER BERTZ; BERTZ, named as Jane Doe Bertz; DAVID NORMAN; NORMAN, named as Jane Doe Norman; DOES, named as Jane Does 1-10, Entities 1-10, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted September 13, 2023
Phoenix, Arizona

Before: GOULD, HURWITZ, and BUMATAY, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Phoenix police officer Kristopher Bertz shot and killed Jacob Michael Harris. Harris's father, mother, and two minor children sued Bertz and the City of Phoenix for wrongful death under Arizona law and for violations of Harris's constitutional rights under 42 U.S.C. § 1983. The district court granted defendants' Rule 12(c) motion for judgment on the pleadings for the wrongful death claims against Phoenix and the federal claims against all defendants. The district court also denied leave to amend the complaint. Later, the district court granted summary judgment in favor of Bertz on the remaining wrongful death claim.

In this appeal, Plaintiffs challenge the judgment on the pleadings in favor of Phoenix on the wrongful death claim and the summary judgment in favor of Bertz. We review summary judgments and judgments on the pleadings *de novo*. *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. Plaintiffs argue that the summary judgment and judgment on the pleadings on their wrongful death claim should be reversed because there are disputed facts, such as whether Harris was in possession of a gun, whether he turned around to face Bertz after exiting the car, and whether he threw a gun away while fleeing. But even if disputed, these disputed facts are not material. *See* Fed.

R. Civ. P. 56(a).  Under Arizona law, police are not subject to civil liability for the use of deadly force when

> . . . the peace officer reasonably believes that it is necessary . . . To effect an arrest or prevent the escape from custody of a person whom the peace officer reasonably believes . . . Has committed, attempted to commit, is committing or is attempting to commit a felony involving the use or a threatened use of a deadly weapon.

Ariz. Rev. Stat. § 13-410(C)(2)(a).  Armed robbery is a felony, whose definition includes the use of simulated deadly weapons and the actions of accomplices. Ariz. Rev. Stat. § 13-1904(A), (B).  Even if the gun used in the robbery before the shooting was fake and handled only by Harris's accomplices, Harris would have committed a felony.  Moreover, under Arizona law, police officers who use deadly force to "[e]ffect an arrest or prevent or assist in preventing a plaintiff's escape" are "presumed to be acting reasonably."  Ariz. Rev. Stat. § 12-716(A)(1)(b). Plaintiffs did not meet their burden to rebut this presumption.

2.  Plaintiffs also argue that *Ryan v. Napier*, 425 P.3d 230 (Ariz. 2018), supports their vicarious liability claim against Phoenix for the negligent conduct of the officers.  But *Ryan* only allows "a negligence claim for conduct that is independent of the intentional use of force."  *Id.* at 238.  Plaintiffs allege no negligent conduct by the officers that harmed the decedent independent of the use of force.

3.  Nor did the district court err in granting judgment on the pleadings on

3

Plaintiffs' § 1983 Fourteenth Amendment claim. To prevail, Plaintiffs must show that they were deprived of their liberty interests in the companionship and society of Harris by "[o]fficial conduct that shocks the conscience." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). When police make "a snap judgment because of an escalating situation," their conduct shocks the conscience only if they act "with a purpose to harm unrelated to legitimate law enforcement objectives." *Id*. But the complaint alleges no such conduct.

4. Finally, Plaintiffs contend that the district court erred in denying them leave to amend the complaint. We normally review such denials for abuse of discretion. *Reed*, 863 F.3d at 1204. But, once a district court files a pretrial scheduling order establishing a timetable for amending pleadings, a party must show good cause to deviate from that schedule. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under that standard, "[i]f that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. The district court did not err in holding that Plaintiffs did not show good cause for lack of diligence given that they did not seek amendment until more than nine months after the deadline in the Rule 16(b) order had passed, some eight months after retaining new counsel.

**AFFIRMED.**